UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED INDIAN HEALTH SERVICES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>JULIE SU, in her official capacity as LABOR COMMISSIONER OF THE CALIFORNIA DIVISION OF LABOR STANDARDS ENFORCEMENT; ROBERT DAVIS; and RICHARD BALAND,<br><br>   Defendants. | No. 2:15-cv-02151-GEB-KJN<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER ("TRO") AND REQUIRING SERVICE OF FILED DOCUMENTS SHOULD PLAINTIFF DESIRE TO PROCEED WITH A REQUEST FOR A TRO** |

On October 15, 2015, Plaintiff filed an *ex parte* motion seeking to enjoin Defendants "from investigating complaints made to the California Division of Labor Standards Enforcement [(the "DLSE")] by Robert Davis and Richard Baland for alleged violations of the California Labor Code . . . [and] preclud[ing] Defendants from holding, participating in, or providing testimony at an investigative hearing scheduled by the Division of Labor Standards Enforcement to be held on October 22 and 23, 2015." (Notice of Ex Parte Mot. & Ex Parte Mot. for TRO ("Mot.") 1:24, 2:1-3, ECF No. 5.).

A temporary restraining order ("TRO") may be issued without notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly

show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The circumstances justifying the issuance of an *ex parte* TRO are extremely limited:

> The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438-39 (1974) (internal citation omitted).

Plaintiff avers that it will suffer irreparable injury before the adverse party can be heard in Opposition. (See Brief ISO Mot. 4:10-16, ECF No. 5-2.) Although Plaintiff appears to have emailed notice to Defendants that Plaintiff would be filing a request for a TRO,[1] (Aff. ISO Mot. ¶ 2-4, ECF No. 5-3), Plaintiff has failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as required

---

[1] Plaintiff's counsel also declares he spoke with counsel for the department that oversees the DLSE. (Aff. ISO Mot. ¶ 5.)

for the issuance of an *ex parte* TRO.

Further, Plaintiff fails to provide adequate explanation regarding why Plaintiff delayed seeking to enjoin the impending investigative hearing until the Thursday afternoon one week before the scheduled hearing when Plaintiff was notified of the DLSE complaints underlying this investigation on October 2, 2014, (Pl.'s Compl. for Decl. and Injunctive Relief 4:¶ 13, ECF No. 1.), well over a year ago, and subpoenas have been issued over the past "few weeks." (Brief ISO Mot. 3:7.) See Mammoth Specialty Lodging, LLC v. WE-KA-JASSA Inv. Fund, LLC, No. CIV 2-10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying motion for a TRO to enjoin foreclosure when Plaintiff delayed in bringing motion).

For the stated reasons, the request for an *ex parte* TRO is DENIED. Should Plaintiff wish to proceed with its request for a TRO, Plaintiff shall serve Defendants with all filed documents no later than 1:00 PM on October 15, 2015, and file proof of service with the Court this same day. Defendants may file an opposition to the requested TRO by 5:00 PM on October 19, 2015. Plaintiff may file a reply by noon on October 20, 2015. If Plaintiff complies with this order, the hearing is scheduled to commence at 11:00 AM on Wednesday, October 21, 2015.

Dated:  October 16, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3