1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7  UNITED INDIAN HEALTH            No. 2:15-cv-02151-GEB-KJN
   SERVICES, INC.,

8
                 Plaintiff,       **AMENDED ORDER DENYING EX PARTE**
9                                 **APPLICATION FOR TEMPORARY**
                                  **RESTRAINING ORDER ("TRO") AND**
10     v.                         **REQUIRING SERVICE OF FILED**
                                  **DOCUMENTS SHOULD PLAINTIFF**
   JULIE SU, in her official      **DESIRE TO PROCEED WITH A REQUEST**
11 capacity as LABOR              **FOR A TRO**
   COMMISSIONER OF THE
12 CALIFORNIA DIVISION OF LABOR
   STANDARDS ENFORCEMENT; ROBERT
13 DAVIS; and RICHARD BALAND,

14               Defendants.

15

16         On October 15, 2015, Plaintiff filed an *ex parte* motion

17 seeking to enjoin Defendants "from investigating complaints made

18 to the California Division of Labor Standards Enforcement [(the

19 "DLSE")] by Robert Davis and Richard Baland for alleged

20 violations of the California Labor Code . . . [and] preclud[ing]

21 Defendants from holding, participating in, or providing testimony

22 at an investigative hearing scheduled by the Division of Labor

23 Standards Enforcement to be held on October 22 and 23, 2015."

24 (Notice of Ex Parte Mot. & Ex Parte Mot. for TRO ("Mot.") 1:24,

25 2:1-3, ECF No. 5.).

26         A temporary restraining order ("TRO") may be issued

27 without notice to the adverse party or its counsel only if: "(A)

28 specific facts in an affidavit or a verified complaint clearly

                                  1

1   show that immediate and irreparable injury, loss, or damage will

2   result to the movant before the adverse party can be heard in

3   opposition; and (B) the movant's attorney certifies in writing

4   any efforts made to give notice and the reasons why it should not

5   be required." Fed. R. Civ. P. 65(b)(1).

6          The circumstances justifying the issuance of an *ex*

7   *parte* TRO are extremely limited:

8          The stringent restrictions imposed by . . .
           Rule 65, on the availability of ex parte
9          temporary restraining orders reflect the fact
           that our entire jurisprudence runs counter to
10         the notion of court action taken before
           reasonable notice and an opportunity to be
11         heard has been granted both sides of a
           dispute. Ex parte temporary restraining
12         orders are no doubt necessary in certain
           circumstances, but under federal law they
13         should be restricted to serving their
           underlying purpose of preserving the status
14         quo and preventing irreparable harm just so
           long as is necessary to hold a hearing, and
15         no longer.

16  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck

17  Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438–39

18  (1974) (internal citation omitted).

19         Plaintiff avers that it will suffer irreparable injury

20  before the adverse party can be heard in Opposition. (See Brief

21  ISO Mot. 4:10–16, ECF No. 5-2.) Although Plaintiff appears to

22  have emailed notice to Defendants that Plaintiff would be filing

23  a request for a TRO,[1] (Aff. ISO Mot. ¶ 2–4, ECF No. 5-3),

24  Plaintiff has failed to "clearly show that immediate and

25  irreparable injury, loss, or damage will result to the movant

26  before the adverse party can be heard in opposition," as required

27  ───────────────────

28  [1]     Plaintiff's counsel also declares he spoke with counsel for the
    department that oversees the DLSE. (Aff. ISO Mot. ¶ 5.)

1   for the issuance of an *ex parte* TRO.

2        Further, Plaintiff fails to provide adequate

3   explanation regarding why Plaintiff delayed seeking to enjoin the

4   impending investigative hearing until the Thursday afternoon one

5   week before the scheduled hearing when Plaintiff was notified of

6   the DLSE complaints underlying this investigation on October 2,

7   2014, (Pl.'s Compl. for Decl. and Injunctive Relief 4:¶ 13, ECF

8   No. 1.), well over a year ago, and subpoenas have been issued

9   over the past "few weeks." (Brief ISO Mot. 3:7.) See Mammoth

10   Specialty Lodging, LLC v. WE-KA-JASSA Inv. Fund, LLC, No. CIV 2-

11   10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010)

12   (denying motion for a TRO to enjoin foreclosure when Plaintiff

13   delayed in bringing motion).

14        For the stated reasons, the request for an *ex parte* TRO

15   is DENIED. Should Plaintiff wish to proceed with its request for

16   a TRO, Plaintiff shall serve Defendants with all filed documents

17   no later than 3:00 PM on October 16, 2015, and file proof of

18   service with the Court this same day. Defendants may file an

19   opposition to the requested TRO by 5:00 PM on October 19, 2015.

20   Plaintiff may file a reply by noon on October 20, 2015. If

21   Plaintiff complies with this order, the hearing is scheduled to

22   commence at 11:00 AM on Wednesday, October 21, 2015.

23   Dated: October 16, 2015

24

25

26           GARLAND E. BURRELL, JR.
             Senior United States District Judge

27

28