UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED INDIAN HEALTH SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JULIE SU, Labor Commissioner, California Division of Labor Standards Enforcement; KEVIN KISH, Director of the California Department of Fair Employment and Housing; RICHARD BALAND; and ROBERT DAVIS, <br><br> Defendants. | No. 2:15-cv-02151-TLN-KJN <br><br><br> **ORDER DISMISSING AMENDED COMPLAINT FOR LACK OF A JUSTICIABLE CASE OR CONTROVERSY** |

All of the above Defendants have moved this Court for dismissal of Plaintiff United Indian Health Services, Inc.'s (UIHS's) First Amended Complaint (FAC), in which UIHS seeks declaratory and injunctive relief. (ECF Nos. 12, 15–17. ) UIHS opposes each motion. (ECF Nos. 18–20.) The Court has reviewed the FAC and the parties' moving papers, and finds the FAC does not contain factual allegations demonstrating a justiciable case or controversy over which the federal court has jurisdiction.

**I. FACTUAL ALLEGATIONS**

The following factual allegations in the FAC concern the motions. "UIHS is formed by a consortium of nine federally-recognized Native American tribes to provide health services to members of the tribes." (FAC ¶ 8.) Defendants Davis and Baland "entered into an employment relationship with UIHS" and were "terminated by UIHS on July 22, 2014." (Id. ¶¶ 9–12.) "After they were terminated, [Defendants] Davis and Baland each filed a retaliation complaint with the

[California Division of Labor Standards Enforcement] (DLSE) alleging that UIHS violated provisions of the California Labor Code." (Id. ¶ 13.) "The DLSE Retaliation Complaint Investigation Unit opened an investigation . . . ." (Id.) "Davis filed a discrimination complaint with DFEH alleging that UIHS violated provisions of the California Fair Employment and Housing Act . . . . DFEH opened an investigation . . . ." (Id. ¶ 19.)

## II. DISCUSSION

Defendant Su seeks dismissal of UIHS's FAC under Federal Rule of Civil Procedure 12(b)(1), arguing in pertinent part: "UIHS'[s] claimed injury—participating in the DLSE inquiry into [Defendants] Davis['s] and Baland's complaints and <u>potentially</u> defending a suit by DLSE—is not the type of injury that makes its case a justiciable one." (Def. Su's P. & A. ISO Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Su Mot.") 7:14–16, ECF No. 17-1.) Defendant Kish argues in pertinent part that the DFEH "has not asserted jurisdiction over UIHS, and therefore, has not violated UIHS's sovereignty." (Def. Kish's Mem. of P. & A. ISO Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Kish Mot.") 9:12–13, ECF No. 15-1.) Kish further argues: "UIHS's contention that the DFEH could 'potentially assert damages against [UIHS],' [FAC] ¶ 33, is too speculative to constitute an injury-in-fact. . . . And any costs UIHS will incur during the investigation are insufficient harm to establish an injury." (Kish Mot. 9:19–22.)

UIHS counters:

> The "concrete and particularized" harm [UIHS] faces is the compulsory participation in an investigative forum which [UIHS] asserts has no jurisdiction over the matter. [UIHS] cannot risk that its participation will constitute a waiver of its sovereign immunity. Alternatively, [UIHS] can refuse to participate and face penalties without presenting a defense to [Defendants] Davis'[s] and Baland's complaints. Once waived, sovereign immunity cannot be regained.

(Opp'n to Su Mot. 5:16–20, ECF No. 18; <u>see also</u> Opp'n to Kish Mot. 5:15–19, ECF No. 19 (same).)

Article III standing has three elements:

> First, the plaintiff must have suffered an "injury in fact"—an

2

> invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (alterations in original) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Id. at 561 (alteration in original) (citation and internal quotation marks omitted). "Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (quoting Ry. Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945)).

  UIHS does not support its allegation that its participation in DLSE's and DFEH's investigation into Defendants Davis's and Baland's complaints would constitute waiver of its sovereign immunity. (E.g., FAC ¶¶ 34, 41.) "It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) (citation and internal quotation marks omitted); see generally Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1460 (9th Cir. 1994) ("[A] tribe[]'s participation in an administrative proceeding does not waive tribal immunity in an action filed by another party seeking review of the agency's decision.").

  Further, UIHS's allegation that it could face penalties if DLSE and DFEH find that UIHS violated the California Labor Code does not satisfy the case or controversy requirement. (See FAC ¶¶ 14, 18, 33.) "Such unasserted . . . and unknown claims do not present an immediate or real threat to [UIHS] such that declaratory [and/or injunctive] relief is proper[,]" Orix Credit All.,

3

Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000), since "the mere existence of . . . a generalized threat of prosecution [does not] satisf[y] the 'case or controversy' requirement." Thomas, 220 F.3d at 1139.

### III.  CONCLUSION

Because UIHS has not demonstrated a justiciable case or controversy, this action is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: February 23, 2016

Troy L. Nunley
United States District Judge