UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED INDIAN HEALTH SERVICES, INC., | No. 2:15-cv-02151-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| JULIE SU, Labor Commissioner, California Division of Labor Standards Enforcement; KEVIN KISH, Director of the California Department of Fair Employment and Housing; RICHARD BALAND; and ROBERT DAVIS, | |
| Defendants. | |

This matter is before the Court pursuant to Defendants Richard Baland and Robert Davis's ("Defendants") Motion for Sanctions. (ECF No. 31.) Plaintiff United Indian Health Services, Inc. ("Plaintiff") has filed an opposition to Defendants' motion. (ECF No. 32.) The Defendants have filed a reply. (ECF No. 33.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Defendants' Motion for Sanctions is hereby DENIED.

/ / /

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claims to be a "tribal organization" as defined in 25 U.S.C. § 450b(1) that "enjoys common law sovereign immunity." (ECF No. 12 at ¶ 1.) Two California state agencies, the Division of Labor Standards Enforcement ("DLSE") and the Department of Fair Employment and Housing ("DFEH" and, together with DLSE, the "Agencies") began investigating alleged California labor and employment law violations by Plaintiff after complaints by Defendants, former employees of Plaintiff. (ECF No. 12 at ¶¶ 9–13, 19.) Believing it was not subject to the jurisdiction of the Agencies, Plaintiff was unwilling to participate in these investigations. (*See* ECF No. 12 at ¶ 15.) Plaintiff filed this action seeking, in part, a declaration of its sovereign immunity and an injunction against Defendants as well as the heads of each of the Agencies in order to prohibit the investigations. (ECF No. 12 at 11.) On February 23, 2016, this Court dismissed the amended complaint for lack of a justiciable case or controversy under Article III of the United States Constitution. (ECF No. 29.) Defendants filed this instant motion seeking sanctions. (ECF No. 31.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 ("Rule 11") provides, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule….

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an

2

objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. *See, e.g.*, *Conn v. CSO Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). "If Rule 11(b) was violated, the court 'may' impose sanctions." *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014).

### III.   ANALYSIS

The crux of Defendants' sanctions motion is that Plaintiff's preference for a federal forum to litigate the issue of Plaintiff's alleged sovereign immunity constitutes a sanctionable, "abusive" litigation tactic. (*See* ECF No. 31-1 at 1–2, 7; ECF No. 33 at 1–3, 7.) The Court cannot agree, particularly given the state of the law prior to the Ninth Circuit's decision in *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011 (9th Cir. 2016). Moreover, the Court declines Defendants' implicit invitation to rule on the merits of Plaintiff's sovereign immunity argument. (*See* ECF No. 31-1 at 1–5, 7; ECF No. 33 at 1, 6–7.) Where, as here, a federal court concludes that a plaintiff has not satisfied the elements of Article III standing, that court has no authority to decide the case on the merits. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2659 (2013). The Court

will not do so under the guise of a motion for sanctions.

Plaintiff explained that it filed this action in federal court because it feared its non-participation in the Agencies' investigations and related proceedings could lead to a default finding of liability in a state tribunal that could only be challenged by waiving its alleged sovereign immunity.  (*See* ECF No. 12 at ¶ 18.)  In *Bodi*, the Ninth Circuit explained there was a lack of clarity about the extent to which an Indian tribe could waive its immunity by litigation conduct.  *Bodi*, 832 F.3d at 1014, 1017–20.  In particular, *Bodi* resolved a split among district courts in the Ninth Circuit by concluding a tribe's removal of an action from state court did not constitute a waiver of its sovereign immunity.  *Id*. at 1014.  The Ninth Circuit's analysis demonstrated the difficult choice a party wishing to assert a tribal immunity defense would have faced prior to its decision — a federal forum and waiving its sovereign immunity.  *Id*. at 1022.  The Ninth Circuit detailed why an attorney representing such a party might reasonably "race to the courthouse" seeking injunctive or declaratory relief in hopes of preserving a federal forum to litigate its sovereign immunity defense.  *Id*. at 1023.

Due to the uncertainty that existed pre-*Bodi*, Plaintiff found itself in the unenviable position described by the Ninth Circuit when it filed the instant case.  (*See* ECF No. 12.)  The solution proposed by Defendants is that Plaintiff should have proceeded before the "labor court" and, if Plaintiff lost, appealed to the Superior Court of Humboldt County.  (ECF No. 31-1 at 5.)  Apparently, Defendants' viewed this as the only proper, non-abusive choice a decent attorney in the shoes of Plaintiff's attorney could make.  (*See* ECF No. 31-1 at 3.)  The Court disagrees.  As the Ninth Circuit explained, because "[t]ribal immunity is a matter of federal law," parties wishing to assert it "may wish to avail themselves, when possible of the experience, solicitude and hope of uniformity that a federal forum offers."  *Id*. at 1023 (internal quotation marks omitted).  This is particularly the case as "state courts have long been at least perceived as 'inhospitable to Indian rights.'"  *Id*.

Simply put, the law regarding waiver of tribal sovereign immunity can be complex.  It was more so when this case was filed in October 2015, as *Bodi* had yet to be decided.  (*See* ECF No. 12.)  This Court is not inclined to sanction an attorney for racing to the federal courthouse where

4

it was unsettled whether that attorney's failure to do so would negatively impact his client.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: November 21, 2016

Troy L. Nunley
United States District Judge